10-5126-ag
Chen v. Holder

BIA
A073 561 088

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of May, two thousand twelve.

PRESENT:
        JOHN M. WALKER, JR.,
        ROBERT D. SACK,
        REENA RAGGI,
           *Circuit Judges.*

_____

WEN HUI CHEN,
      *Petitioner,*

      v.                        10-5126-ag
                                   NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Office of Immigration Litigation; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Wen Hui Chen, a native and citizen of the People's Republic of China, seeks review of a November 24, 2010, order of the BIA denying her motion to reopen. *In re Wen Hui Chen*, No. A073 561 088 (B.I.A. Nov. 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The agency's regulations permit an alien seeking to reopen proceedings to file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Chen's August 2008 motion to reopen was untimely because the Immigration Judge ("IJ") issued a final order of removal in July 1996. However, there are no limitations for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality

2

or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Here, the BIA reasonably found that Chen failed to demonstrate a change in country conditions, and merely established a change in her personal circumstances, with regard to her membership in the Chinese Democracy Party ("CDP"). It is well-settled that changed personal circumstances are distinguishable from changed country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006) ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings. *See* 8 C.F.R. § 1003.2(c)(3)(ii). A self-induced change in personal circumstances cannot suffice."); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130-31 (2d Cir. 2005) (per curiam) (holding that a change in personal circumstances, namely the birth of a child in the United States, does not fit under the changed circumstances exception provided by 8 C.F.R. § 1003.2(c)(3)(ii)); *see also*

*Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir. 2003) (noting that the birth of petitioner's two children in the United States following an order of deportation does not amount to changed country conditions).  In support of her motion, Chen submitted evidence of her activities with the CDP, including articles she published criticizing the Chinese government and an affidavit of a party member stating that CDP members had been harmed upon their return from the United States to China.  Chen asserts that the BIA failed to consider this evidence, which she claims shows a change in country conditions because "Chinese authorities are aware or likely to become aware of her political activities."

Chen's evidence fails to demonstrate a material change in country conditions in the Chinese government's treatment of CDP members since the time of Chen's hearing before the IJ.  *See Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable).  Thus, the BIA's determination that Chen's motion to reopen was untimely and did not demonstrate a change in country conditions was not an abuse of discretion.

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk